In the Matter of the Petition of the NEW YORK MUNICIPAL RAILWAY CORPORATION and NEW YORK CONSOLIDATED RAILROAD COMPANY, Appellants, Relative to Acquiring Title, etc., for Widening Their Right of Way, etc., *v.* CHARLES WEBER and Others, Defendants, Impleaded with JOSEPH A. WALSH, Respondent.

LINDA M. FOWLER, as Executrix of EDWARD S. FOWLER, Respondent, Appellant.

Second Department, July 31, 1917.

Condemnation proceedings — proceeding by railway company to widen right of way — taking of portion of land contiguous to street for retaining wall — evidence — damages — power of commissioners — right of representative of deceased commissioner to recover for his services.

In a proceeding by a railway company to widen its right of way the entire width of a street was utilized and in addition thereto a small portion of the contiguous unimproved land, which had been divided into blocks and lots was required for a retaining wall.

*Held,* that assumptions that the entire property remaining was injured by the physical change of the grade of said street and that it was injured by the taking were unwarranted

As a general rule the owner should receive as compensation the value of the land taken plus the damage to the part remaining by reason of the severance and through the use to which the property taken is to be put by the taker.

Incidental changes of the grade of a street made necessary by the lawful construction of a railway below the grade of a highway crossed by it give no claim to abutting owners who may sustain injury.

Where land not devoted to any special use has been divided into blocks and lots upon a map by the owner of a plot and sales have been made with relation to streets shown on that map, although reference is not made to it, the property should *prima facie* be treated as lots and blocks in ascertaining damage, and not as an entire tract, notwithstanding the map has not been filed. If any facts exist which rebut this presumption, the owner should show them. If he does not, the consequential damages are to be confined to that lot part of which is taken.

The power of commissioners appointed in condemnation proceedings is confined to ascertaining and determining the compensation which should justly be made for the property and rights sought to be acquired as shown by the petition.

The commissioners have no authority to consider as elements of damage the facts that during the construction of the work soil was deposited on the land sought to be taken and that access thereto was impeded.

Where a commissioner appointed in condemnation proceedings dies after the evidence as to damages has been taken and it is stipulated that the testimony taken before the commission while the deceased was a member thereof shall be used for the purpose of ascertaining the damage and such testimony is so used, the legal representative of the deceased commissioner is entitled to recover for the services rendered by said commissioner up to the time of his death.

APPEAL by the plaintiffs, New York Municipal Railway Corporation and another, from an order of the Supreme Court, made at the Kings County Special Term and entered in the office of the clerk of the county of Kings on the 22d day of June, 1916, in so far as the same confirms the report of the commissioners of appraisal with respect to one parcel and orders compensation made to the respondent for the taking thereof.

Also an appeal by the executrix of a deceased commissioner in the proceeding from an order denying her application for fees herein on behalf of her testator.

*Charles L. Woody* [*Trabue Carswell* and *George D. Yeomans* with him on the brief], for the appellants.

*Louis J. Altkrug,* for the respondent.

*Reid L. Carr,* for Linda M. Fowler, executrix, etc.

STAPLETON, J.:

For many years a two-track railway, laid on the railroad corporation's land, crossed, at grade, Eighty-sixth street, a legally opened and graded but otherwise unimproved thoroughfare in the present borough of Brooklyn. The street is 100 feet in width. The city of New York included that railway in the development of a rapid transit system. By a group of contracts, the details of which would unnecessarily extend this opinion, the plaintiff New York Consolidated Railroad Company assumed the duty of laying two additional parallel tracks; depressing the roadbed to eliminate grade crossings, and building embankments, stations and platforms at and near Eighty-sixth street. The entire width of Eighty-sixth street was utilized for this purpose, and, in addition, 23 square

feet of the respondent Walsh's contiguous land was required for a retaining wall. No part of the land required was, however, devoted to widening or otherwise improving Eighty-sixth street for street purposes. This proceeding was instituted to acquire that portion of respondent Walsh's property. The description in the petition reads:

" Beginning at a point on the southwesterly side of 86th Street distant seven and five-tenths (7.5) feet northwesterly from the westerly right of way line of the New York and Sea Beach Railway Company (now New York Consolidated Railroad Company), measured along said southwesterly side of 86th Street; running thence northwesterly along said southwesterly side of 86th Street seven and sixty-nine one thousandths (7.069) feet; thence southerly parallel with the said westerly right of way line seven and eight hundred and fifty-four one thousandths (7.854) feet; thence north sixty (60) degrees forty-six (46) minutes forty-seven (47) seconds West five and five hundred and fifty-nine one thousandths (5.559) feet to the point or place of beginning, together with all the right, title and interest of the owner of, in and to 86th Street in front of the above-described parcel of real estate to the centre line thereof.

" *Together* with the right to enter upon and disturb any lands adjacent to said last described parcel of real estate for a distance of two feet westerly from the most westerly line of the above described parcel of real estate for a period of not exceeding seventeen (17) months from the date of entry thereof, so as to permanently install a retaining wall and other structures upon the hereinbefore described parcel of real estate.

" Provided, however, that the petitioner restores said adjacent lands to the condition that the same are now in with the exception of the existence of said retaining wall, platforms, coverings, stairways, columns, foundations, conduits and sewers."

The commission awarded the respondent $2,260.82. It determined the value of the land actually taken to be $9.20. The remainder of the award, $2,251.62, is awarded for consequential damage. From the order confirming the award the appeal is taken.

By the construction Eighty-sixth street was carried over

the depressed railway by a bridge which rested on abutments. The grade at the point of intersection, before the improvement, was nine and nine-tenths feet above mean high water. After the improvement the grade at that point is twenty-one and fifty-eight one-hundredths feet above the same *datum.* The respondent Walsh was the owner of an unimproved parcel of land consisting of about two and sixty-two one-hundredths acres of upland and three and twenty-four one-hundredths acres of marsh land. In 1897 he had it surveyed and mapped into building lots. That portion of it which is adjacent to the railroad was laid out in a triangular piece which fronts on Eighty-sixth street and runs along Eighty-sixth street one hundred and twelve and sixty-four one-hundredths feet to the intersection of that street and a street shown on the map as West Eighth street, and thence in a southerly direction along the easterly line of West Eighth street one hundred and twenty-five and fifteen one-hundredths feet to a point whence it runs diagonally eighty-eight and sixty-three one-hundredths feet to the place of beginning. Out of the triangular piece is carved a lot adjacent to the railway and fronting on Eighty-sixth street twenty-five feet. Its sides are sixty-eight and ninety-six one-hundredths and eighty-eight and sixty-three one-hundredths feet respectively, and its rear is twenty-seven and seventy-eight one-hundredths feet. On the map are laid out other streets, marked West Ninth street and West Tenth street. None of the numbered streets is legally opened. The map was not filed. A sale of lots was made by Walsh, and in the deed he bounded the lots on West Eighth street. In the deed there is no reference to the map. West Eighth street has a wagon road within the lines fixed in the map. Until recently there was a house standing within those lines. Respondent Walsh has a frontage of about five hundred feet on Eighty-sixth street.

The land specified in the petition was in the triangular piece first described. There was no evidence that respondent Walsh's land was devoted to any special use. The rule of damage in an ordinary situation is settled. The owner should receive, as compensation, the value of the land taken, plus the damage to the part remaining by reason of the severance and through the use to which the property taken is to be

put by the taker. (*South Buffalo R. Co.* v. *Kirkover*, 176 N. Y. 301.) It is also settled that incidental changes of the grade of a street, made necessary by the lawful construction of a railway below the grade of a highway crossed by it, give no claim to abutting owners who may sustain injury. (*Conklin* v. *N. Y., O. & W. R. Co.*, 102 N. Y. 107; *Ottenot* v. *N. Y., L. & W. R. Co.*, 119 id. 603; *Rauenstein* v. *N. Y., L. & W. R. Co.*, 136 id. 528.) Where land not devoted to any special use has been divided into blocks and lots upon a map by the owner of a plot, and sales have been made with relation to streets shown on that map, although reference is not made to it, the property should *prima facie* be treated as lots and blocks in ascertaining damage, and not as an entire tract, notwithstanding the map has not been filed. If any facts exist which rebut this presumption, the owner should show them. If he does not, the consequential damages are to be confined to that lot part of which is taken. (*Wilcox* v. *St. Paul & N. P. Ry. Co.*, 35 Minn. 439.) In the instant case, respondent Walsh's evidence as to damage is based upon the assumptions, (1) that the entire property remaining was injured by the physical change of the grade of Eighty-sixth street, and (2) that the entire property remaining was injured by the taking. Both assumptions are unwarranted, and they incurably infected the evidence. The commissioners erroneously considered, as elements of damage, that during the construction of the work soil was deposited on the land of the respondent and access to the land was impeded.

The petition precisely delimited the property and rights the plaintiffs sought to acquire. The power of the commissioners is confined to ascertaining and determining the compensation which should justly be made for that property and those rights. (Code Civ. Proc. § 3370; *Bell Telephone Co.* v. *Parker*, 187 N. Y. 299.) If any property rights of respondent Walsh have been tortiously or otherwise unlawfully invaded by the acts done, he has an appropriate remedy, and claims based thereon may not be adjusted in this purely statutory proceeding.

There is a question presented on an appeal taken by the legal representative of a commissioner who died pending the proceeding and before the ascertainment and determination

Second Department, July, 1917.          [Vol. 179.

of compensation which ought justly to be made, and of course before the making of the report. The learned justice at Special Term disallowed the claim of the representative for the services rendered by that commissioner up to the time he died. While we do not question the general rule, established by various decisions, that representatives of a deceased referee or commissioner are not entitled to any compensation for his services where they were incomplete, we think that an exception can be made in this case upon the ground that by stipulation of the parties they had and retained the benefit of the services of this deceased commissioner. This is apparent from the fact that they stipulated that the testimony taken before the commission while the deceased was a member thereof should be used for the purpose of ascertaining the damage, and accordingly such testimony was so used, and, therefore, the parties had the full benefit of the services of the deceased commissioner while such testimony was being taken. The record shows that he attended the twenty-three sessions of the commission at which testimony was taken. The allowance to the other commissioners was ten dollars a day for such service. We think, therefore, that the representative of the deceased commissioner should be allowed the same rate, which would amount to the sum of $230.

The order should be modified by striking therefrom all provisions confirming the award to respondent Walsh, and further modified by striking out the provision which denies the application of the executrix of the deceased commissioner for fees, and by inserting the following provision:

Ordered that the petitioners pay to the executrix of Edward S. Fowler, deceased, for fees for his services in the above-entitled proceeding, the sum of $230; and as modified affirmed, with costs.

Thomas, Mills and Rich, JJ., concurred.

Order modified in accordance with opinion and as modified affirmed, with costs. Order to be settled before Stapleton, J.