## CITY OF DENTON v. HUNT et al.
### No. 15191.

Court of Civil Appeals of Texas.
Fort Worth.

Dec. 1, 1950.

Rogers Teel, Fred H. Minor, and John L. Sullivan, all of Denton, for appellant.

Earl L. Coleman, of Denton, for appellees.

HALL, Justice.

This condemnation suit was instituted by the City of Denton, Denton County, Texas, by filing with the County Judge its petition to condemn certain land owned by appellees Ray V. Hunt et ux. and Minnie Louise Hunt, a widow, within the corporate limits of such City, out of the Fox-Hunt Addition, for the purpose of constructing a portion of U. S. Highway No. 77.

On March 24, 1950, the special commissioners filed with the County Judge their award in the total sum of $6300 for the land taken and for damages to the remainder. Appellees in due time filed their objections to this award.

Trial was to a jury and in response to special issues it found value of the land taken to be $12,500 and the amount of damages to remainder of the land owned by appellees to be $10,500. Based upon such findings the trial court rendered judgment in favor of appellees for the sum of $23,000, together with interest thereon from June 7, 1950, at the rate of six per cent per annum.

The City of Denton's appeal to this court consists of ten points. Its first point is directed to error of the trial court in refusing to grant it a new trial, because the jury without its consent, in violation of Rule 281, Texas Rules of Civil Procedure, took with it, read and considered in the jury room, appellees' exhibit No. 7, being a printed chart of the oral testimony of appellee Ray V. Hunt, given on direct examination, which printed chart itemized the individual lots, giving the respective market value of that part of each lot taken and the claimed market value of the remainder of such lots before and after the condemnation on parts of such lots for highway purposes and summarizing the respective totals thereof. It was a memorandum to which he referred in refreshing his memory while on the witness stand.

This exhibit was introduced in evidence without objection from appellant. We are not here called upon and neither do we pass upon the question of its admissibility, but we are called upon to decide whether or not such instrument should be construed to be the "deposition of a witness" contravening Rule 281, which reads as follows: "The jury may take with them in their retirement the charges and instructions, general or special, which were given and read to them, and any written evidence, except the depositions of witnesses, but shall not take with them any special charges which have been refused. Where part only of a paper has been read in evidence, the jury shall not take the same with them, unless the part so read to them is detached from that which was excluded."

We do not construe the instrument to be in the form of a deposition of a witness, and overrule this point.

Appellant's points two and three refer to error of the trial court in refusing to give appellant's requested special issue No. 1; also error of the trial court in submitting its special issue No. 1. Special issue No. 1 submitted by the trial court is: "What do you find from a preponderance of the evidence was the market value of those portions of Lots Nos. Three (3), Four (4), Seven (7), Eight (8), Twenty-seven (27), Nine (9), Eighteen (18), Twelve (12), Thirteen (13), Twenty (20) and Twenty-one (21) and all of Lot No. Eleven (11), condemned by the City of Denton, Texas, for a State Highway at the time it was condemned? Answer in Dollars and Cents."

Appellant's requested special issue No. 1, which was refused by the court, is as follows: "From a preponderance of the evidence what do you find was the market value of the strip of land condemned by the City for highway purposes at the time it was condemned, considered as severed land? Answer in dollars and cents ———"

As is noted, the court's special issue No. 1 did not instruct the jury to consider the land taken as severed land, as did appellant's requested special issue No. 1. No doubt appellant's requested special issue No. 1 conforms to the requisites of such a special issue as set out by the Supreme Court in its opinion in the case of State v. Carpenter et al., 126 Tex. 604, 89 S.W.2d 194, on page 201, we do not believe the Supreme Court in that case, however, undertook to establish a hard and fast rule wherein city lots and blocks are involved rather than tracts of land, such as was before the court in that case. Be that as it may, appellant made no objection to the trial court's submission of special issue No. 1 and, by such failure, did not point out to the trial court defects of said issue. The rule is set out in the case of Shultz v. Dallas Power & Light Co., Tex.Civ.App., 147 S.W.2d 914, on page 916 (writ dismissed, judgment correct): "It further appears that no objection was made in the trial court to Issue No. 1, as given. Even assuming that it imperfectly embodied the fact situation, the applicable rule is that, 'Whenever the court submits an issue incorrectly, and same is not objected to, then there is no error in the refusal of the court to give in addition thereto a requested special issue on the same subject, although correct.'" See other cases cited therein.

■ For the above reason we overrule appellant's points two and three.

For the same reason we overrule appellant's points four, five, six and seven.

We have given much concern to appellant's eighth and ninth points. They complain of the trial court's refusing to grant appellant a new trial because appellees recovered damages to the remainder of their lots which were noncontiguous to the strip of land taken for highway purposes, wherein they failed to plead, prove or establish any legal liability on the part of appellant for damages to such noncontiguous tracts owned by appellees.

The statement of facts reveals testimony for large sums of money as damages to appellees' lots located in their addition which are not contiguous to the proposed highway.

The trial court's special issue No. 2 is couched in the following language: "What do you find from a preponderance of the evidence was the reasonable market value of the Defendant's property remaining (that is, all of the property owned by the Defendants not included in the highway right of way) immediately before the taking of the property described in question No. 1 for Highway purposes? Answer in Dollars and Cents. Answer: $43,500.00"

A portion of special issue No. 3 is thus: "* * * what do you find from the preponderance of the evidence was the market value of the remainder of the Defendants' tracts of land immediately after the taking of the tracts of land condemned for highway purposes? * * * Answer: $33,000.00."

Here we see the trial court considered the lots of appellees as one tract of land or one unit.

Our condemnation laws provide (1) for the taking of the whole of a tract of land, and (2) for the taking of part of a tract of land. City of La Grange v. Pieratt et ux., 142 Tex. 23, 175 S.W.2d 243. See Article 3265, R.C.S.

■ In 16 Tex.Jur., p. 976, § 300, it is said:

"As a predicate for the recovery of damages, 'property' must be 'taken' or 'damaged.' It is clear, for example, that bodily injury, unconnected with any occupancy of any property, is not within the purview of the constitutional provision. Furthermore, the constitution requires that the injury be to property. Therefore damages for personal discomfort, or even injury to the plaintiff's health, are excluded, notwithstanding the injury occurs in connection with the occupancy of the property."

■ Section 325, page 1008, same text, also lays down the rule that damages may be recovered on noncontiguous lands "so long as the work is the proximate cause of the damage, it is not essential that the damaged land and the work be adjacent to one another; the property need be vicinal only."

Appellees' testimony for damages done to these noncontiguous lots is that, in short, any land within a quarter of a mile of this highway is damaged because of the noise emanating from the highway and danger of small children entering upon same.

We find these extrinsic damages are of such a nature as a community would endure as a whole and not specific damage to these particular lots alone. Appellees were not using this land as a unit, neither could it be contended that the general public was considering said lots being used as a unit.

Appellees failed to prove any actual physical damage to the land noncontiguous to the right of way involved. There is no doubt in our minds but the lots, even though vacant, which are noncontiguous to the right of way should be considered as separate tracts. The testimony reveals that appellees have sold several of the lots out of this Addition, which was platted in 1940 or 1941. The aerial picture shows several improved streets through this property, together with several nicely improved homes built thereon.

■■ The general rule is laid down in 6 A.L.R.2d 1201, which is, in substance, that if the division of the owner's land into sections is merely nominal, as by lot lines, the sections are to be treated as actually contiguous. If the owner's land is divided into parts in such manner as might otherwise raise the issue of separateness, but he is devoting said parts to a single use and they lie in such proximity as to be in effect united by that use into a single property, they will also be regarded as a whole for the purpose of assessing damages for the taking of a part.

In making our decision we have considered the reasoning laid down in the case of New York Municipal Ry. Corp. v. Weber, 179 App.Div. 245, 166 N.Y.S. 542, 545, wherein the court said: "Where land not devoted to any special use has been divided into blocks and lots upon a map by the owner of a plot, and sales have been made with relation to streets shown on that map, although reference is not made to it, the property should prima facie be treated

as lots and blocks in ascertaining damage, and not as an entire tract, notwithstanding the map has not been filed. If any facts exist which rebut this presumption, the owner should show them. If he does not, the consequential damages are to be confined to that lot part of which is taken." An interesting discussion of this matter is noted in 6 A.L.R.2d 1209, under section 4, "Platting followed by sales or establishing of streets."

We also note the rule laid down in 29 C.J.S., Eminent Domain, § 140, p. 984: "* * * Where, however, the land has been laid out in blocks and streets for many years, and it has been recognized, treated, and dealt with by the owners and the people as blocks and streets, such blocks should be treated as distinct tracts."

■ We find under the facts in this case that the trial court erred in rendering judgment to appellees for damage done to lots in the Addition in question which were not contiguous to and not directly injured by construction of this highway.

Appellant's point ten is based upon a question which may or may not arise in the re-trial of this case and we make no comment thereon.

We reverse and remand the case for another trial.