**Walter R. HARVEY et ux., Appellants,**

v.

**STATE of Texas et al., Appellees.**

No. 16478.

Court of Civil Appeals of Texas.

Dallas.

March 26, 1965.

Rehearing Denied April 23, 1965.

McKool & McKool, and Bill Jones, Dallas, for appellants.

Henry Wade, Dist. Atty., A. D. Jim Bowie, Don R. Stodghill and Jerome E. Dawkins, Asst. Dist. Attys., Dallas, for appellees.

BATEMAN, Justice.

The State of Texas and County of Dallas condemned for highway purposes a portion of a tract of land owned by appellants Walter R. Harvey, et al. The jury found in response to special issues: (1) that the market value of the land taken was $18,440;

(2) that the market value of the remainder of the land immediately before condemnation was $5,435, and (3) immediately after condemnation $3,675. The sole question presented for review is whether the trial court committed reversible error in admitting in evidence, and permitting the jury to take with them into the jury room, a certain chart known as State's Exhibit 16 and marked S–16.

The record filed in this court consists only of the transcript and a partial statement of facts containing only the statements of counsel and the court in connection with the introduction of the exhibit complained of and other charts. The exhibit complained of is a large card on which is printed in red crayon:

|  |  |  |
|---|---|---|
| ED WEISS | | S–16 |
| Part Taken— | | $18,440.00 |
| Imp. — $6000.00 | | |
| Land — 12440.00 | | |
| Per sq. ft. $1.10 | | |
| Remainder: | | |
| Before — $5435.00 | | |
| After — 4675.00 | | $760.00 |
| Whole Property— | | |
| Before Taking | | 23,875.00 |

Appellants state in their brief that this exhibit was prepared by counsel for appellees while their expert witness on values, Mr. Ed Weiss, was testifying and that the figures are those to which he testified as his opinion of the value of the land taken and the value of the remainder before and after condemnation. However, there is nothing in the record to this effect and, strictly speaking, in the absence of proper identification of the exhibit, it is not entitled to be considered by us. If we were to consider it we would nevertheless be compelled to hold that its admission in evidence and introduction into the jury room, in the light of the abbreviated record presented to us, did not constitute reversible error.

Although his only objection to the admission of the exhibit was that it was written by counsel for appellees and not by the witness Weiss, counsel for appellants now argues vigorously that to permit attorneys to make charts of their own witnesses' testimony and put them in evidence, so that they make be taken into the jury room and considered by the jury in their deliberations, is highly prejudicial because it informs the jury of the effect of their answers to special issues and if the practice is sanctioned by the courts it will, in time, destroy the special issue system of submit-

ting cases to juries. He cites a number of cases holding it to be error to permit similar objects to go into the jury room, but in only one of such cases had the object in question been admitted in evidence. That was the case of City of Denton v. Hunt, Tex.Civ.App., 235 S.W.2d 212, wr. ref. n. r. e., and in that case the appellate court made it quite plain that the exhibit had been admitted in evidence without objection and that the question of the admissibility of the chart was neither presented to nor passed upon by the court.

Nevertheless we have no difficulty in concluding that this chart was not admissible in evidence. It was not proof of any fact material to any issue being tried, being nothing more than the attorney's memorandum of what a witness had testified. We can think of no purpose it would serve except to aid the jury to remember the testimony of a certain witness, and we agree with appellants' counsel that the approval of such a practice would encourage the attorneys in every case to make similar charts of the testimony of all witnesses. This in our opinion would lead to much confusion, would unduly encumber records on appeal and would be contrary to the spirit, if not the letter, of Rule 281, Vernon's Texas Rules of Civil Procedure.

It is not necessary for us to decide whether the objection made was sufficient to present the question of admissibility, for appellants have not carried the burden of demonstrating that the error was harmful or prejudicial to them or probably caused the rendition of an improper judgment. Rule 434, T.R.C.P. They argue that harm was shown by the fact that the jury findings as to value of the land taken and as to the value of the remainder before condemnation were in the exact amounts shown by the chart. To follow this reasoning we would have to assume that the jury were not capable of remembering the testimony of the witness, and then we would have to speculate that in attempting to do so the jury would have guessed at figures substantially higher than those given in his testimony and on the chart. We are unwilling to do either. In the absence of a complete statement of facts, we must assume there was in the omitted or excluded portion ample competent evidence to support the verdict. Rule 377, T.R.C.P.; Lane v. Fair Stores, 150 Tex. 566, 243 S.W. 2d 683; Armstrong v. West Texas Rig Co., Tex.Civ.App., 339 S.W.2d 69, wr. ref. n. r. e.

For the reasons stated, we hold that no reversible error appears and that the judgment should be affirmed.

Affirmed.