Charles C. SPEIER et al., Petitioners,

v.

WEBSTER COLLEGE, Respondent.

No. B–9923.

Supreme Court of Texas.

March 25, 1981.

On Rehearing May 6, 1981.

Rehearing Denied June 3, 1981.

Pat Maloney, San Antonio, for petitioners.

Groce, Locke & Hebdon, Ann C. Livingston, Thomas H. Crofts, and John O'Connell, San Antonio, for respondent.

McGEE, Justice.

This is a deceptive trade practice case. Eleven San Antonio policemen [1] brought suit against Webster College for treble damages for misrepresentations made about its master's degree program in criminal justice. Based on a jury verdict, the trial court rendered judgment against Webster College. The court of civil appeals reversed the judgment and remanded the cause to the trial court. 605 S.W.2d 712. We affirm that part of the judgment of the court of civil appeals denying the policemen recovery for mental anguish. We reverse that part of the judgment of the court of civil appeals holding the admission of a chart summarizing testimony into evidence was reversible error and, thus, we render judgment for the policemen.

In December 1977, Webster College operated a one-year master's degree program in criminal justice at Brooks Air Force Base in San Antonio. It offered the program to civilians as well as military personnel. The policemen enrolled in the first eight-week

1. The policemen are: Charles C. Speier, Bruce W. Ritchey, Jr., Willie Smith, Jr., James A. Robinson, Jack Sumney, Don Brooks, Robert E. Rudewick, Thomas B. Foose, Alfred H. Domingues, Emil E. Fischer and Elton Simmons.

semester of the program in anticipation of receiving a Master of Arts degree in Administration of Justice within the year. They attended classes at night while retaining their jobs with the San Antonio Police Department. Near the end of the first semester, Webster College notified the policemen that they would not be allowed to complete the program because the college could no longer offer courses to civilians. Several of the policemen immediately dropped out. The others finished the first semester but were not allowed to enroll for the next session.

The eleven policemen sued Webster College alleging damages for tuition, books, cost of travel to and from classes, time lost from employment, lost job opportunities, and mental anguish. The cause was submitted to the jury on special issues. The jury answered all liability issues against Webster College. They also found damages for each policeman for tuition, books, cost of travel to and from classes, and mental anguish. The jury did not find any damages for time lost from employment or lost job opportunities. The trial court trebled damages and rendered judgment on the verdict against Webster College for $174,-940 of which $165,000 represented recovery for mental anguish.

The court of civil appeals reversed the judgment of the trial court and remanded the cause for a new trial. The court of civil appeals held that the policemen were not entitled to recover damages for mental anguish because no evidence existed to support such relief. The court also held that the trial court committed reversible error in admitting into evidence a chart summarizing the oral testimony of the policemen on damages. For the reasons stated in its opinion, we affirm that part of the judgment of the court of civil appeals denying the policemen recovery for mental anguish.

The primary question presented here is whether it was error and, if so, reversible error for the trial court to admit into evidence a chart reflecting the oral testimony of the policemen on damages. During the course of trial, the attorney for the policemen prepared a chart which was placed within the view of the jury. The chart listed the eleven policemen with six blank spaces beside each name whereby damages for tuition, books, cost of travel to and from classes, time lost from employment, lost job opportunities, and mental anguish could be filled in. When each policeman testified on damages, the attorney would fill in the figure reflecting the policeman's testimony into the appropriate blank space on the chart. After all the policemen had testified, all the blank spaces were filled in except those representing damages for lost job opportunities. At the end of trial, the trial court admitted the chart into evidence as "Plaintiffs' Exhibit 11." Webster College's objections that the chart was not evidence were overruled. The trial court also permitted the jury to take the chart with them into the jury room during deliberations.[2]

Disposition of this case is controlled by *Champlin Oil & Refining Co. v. Chastain*, 403 S.W.2d 376 (Tex.1965). In that case, we held that "charts and diagrams designed to summarize or perhaps emphasize" the testimony of witnesses are, within the discretion of the trial court, admissible into evidence. *Id.* at 389; *see also Cooper Petroleum Co. v. LaGloria Oil & Gas Co.*, 436 S.W.2d 889 (Tex.1969). This assumes, of course, that the testimony summarized is admissible and already before the jury. *See Cooper Petroleum Co. v. LaGloria Oil & Gas Co., supra,* and *Conford v. United States*, 336 F.2d 285, 287 (10th Cir. 1964). We recognize that such summaries are useful and oftentimes essential, particularly in complicated law-

---

**2.** The question of whether the trial court erred in permitting the jury to take the chart with them into the jury room during deliberations is *not before this Court. There was no objection* in the trial court and no point of error in the briefs challenging its presence in the jury room. However, we note that in *City of Denton v.*

*Hunt,* 235 S.W.2d 212 (Tex.Civ.App.—Fort Worth 1950, writ ref'd n. r. e.), it was held that a chart summarizing the oral testimony of a witness was not a deposition under Tex.R. Civ.P. 281 and, therefore, its presence in the jury room during deliberations was not error.

suits, to expedite trials and to aid juries in recalling the testimony of witnesses. *See Manges v. Willoughby*, 505 S.W.2d 379, 383 (Tex.Civ.App.—San Antonio 1974, n. r. e.).

Webster College contends that visual aids such as the one used by the policemen which merely list items and amounts of damages sought are not admissible into evidence. As authority for this contention, it cites *Harvey v. State*, 389 S.W.2d 692 (Tex. Civ.App.—Dallas 1965, writ ref'd n. r. e.), where a chart summarizing testimony on damages was admitted into evidence. There, the court wrote:

"Nevertheless we have no difficulty in concluding that this chart was not admissible in evidence. It was not proof of any fact material to any issue being tried, being nothing more than the attorney's memorandum of what a witness had testified. We can think of no purpose it would serve except to aid the jury to remember the testimony of a certain witness, and we agree with appellants' counsel that the approval of such a practice would encourage the attorneys in every case to make similar charts of the testimony of all witnesses. This in our opinion would lead to much confusion, would unduly encumber records on appeal and would be contrary to the spirit, if not the letter, of Rule 281, Vernon's Texas Rules of Civil Procedure."

*Id.* at 694.

Although we agreed with the judgment of the court of civil appeals in *Harvey*, its language conflicts with our holding in *Champlin Oil & Refining Co. v. Chastain, supra*, and, to that extent, it is disapproved. The fact that a chart happens to summarize testimony on damages does not remove its admissibility from the discretion of the trial court. The type of testimony summarized is only one of many factors a trial court must consider in exercising its discretion. Consequently, to find error in this case, we must find that the trial court abused its discretion in admitting the chart into evidence.

Altogether the policemen sought to recover, and thus had the burden of proving sixty-six (66) items of damages. In the damage issue, the jury was asked to answer sixty-six (66) questions inquiring as to the amounts of damages, if any, sustained by the policemen on each of these items. For the items of damages that were found by the jury, the chart was helpful in aiding the jury in recalling testimony as to the exact amounts. In doing so, it enabled the jury to avoid mistakes in assessing damages. The fact that the chart may have emphasized the testimony of the policemen did not render the chart inadmissible. *See Champlin Oil & Refining Co. v. Chastain, supra.*

Webster College points out that one item of damages on the chart was filled in by the attorney without any testimony supporting it. We agree that the trial court committed error in admitting into evidence this portion of the chart, but such error was not properly preserved in the trial court for appellate review. Webster College's only objection to the chart was that it was not evidence. "A general objection to a unit of evidence as a whole, ... which does not point out specifically the portion objected to, is properly overruled if any part of it is admissible." *Brown & Root, Inc. v. Haddad*, 142 Tex. 624, 180 S.W.2d 339, 341 (1944). If a specific objection had been made, the trial court could have stricken the objectionable portion. Absent such an objection, Webster College cannot complain that the jury improperly considered it. *Zamora v. Romero*, 581 S.W.2d 742, 747 (Tex.Civ.App.—Corpus Christi 1979, writ ref'd n. r. e.). We hold the trial court did not abuse its discretion in admitting the chart into evidence.

We affirm that part of the judgment of the court of civil appeals denying the policemen recovery for mental anguish. We reverse that part of the judgment of the court of civil appeals holding the admission of the chart into evidence was reversible error and, thus, we render judgment for the policemen.

### ON MOTION FOR REHEARING.

McGEE, Justice.

Because Webster College was successful on appeal in reducing a $174,940 trial court

judgment by $165,000, it urges by its motion for rehearing that it should not be required to pay all costs, but rather should pay costs on an allocated basis. Our original judgment decrees that Webster College "shall pay all costs in this Court and in the Court of Civil Appeals."

We grant Webster College's motion for rehearing in part. We amend our former judgment as to costs and change the last paragraph of the opinion to read:

That part of the trial court's judgment awarding the policemen a recovery of $165,-000 as damages for mental anguish is reversed and judgment is here rendered that the policemen recover nothing for mental anguish. The trial court's judgment is affirmed in all other respects. All costs are taxed one-half against the policemen and one-half against Webster College.