**ALL SAINTS EPISCOPAL HOSPITAL, Appellant,**

**v.**

**M.S. and T.S., Individually and as Next Friend of their Minor Daughter, K.S., Appellees.**

**No. 2–88–265–CV.**

Court of Appeals of Texas, Fort Worth.

June 6, 1990.

Cantey & Hanger, and Stephen L. Tatum, Larry B. Hayes, and M. Beth Krugler, Fort Worth, for appellant.

Priddy & Chovanec and Timothy G. Chovanec, Fort Worth, for appellees.

Before HILL, FARRIS and MEYERS, JJ.

OPINION

FARRIS, Justice.

Appellees, M.S. and T.S., individually, and on behalf of their daughter, K.S., sued appellant, All Saints Episcopal Hospital, alleging an All Saints' employee sexually abused K.S. The jury found that K.S. was sexually abused by the employee (D.R.), that All Saints did not adequately supervise or respond to complaints regarding that employee, that All Saints' failures amount-

ed to gross negligence, and the jury awarded $1,100,000 to the appellees. We sustain appellant's first point of error and reverse the judgment of the trial court because we find the trial court erred in admitting documents containing multiple hearsay that did not fit into any exception to the hearsay rule, and which more than likely caused the rendition of an improper judgment.

All Saints provides a child care center for the children of its employees. On the night of February 11, 1984, T.S., who was an LVN working at All Saints Hospital, picked up her children, K.S. and J.S. (her son), from the All Saints Child Care Center at the end of her shift. Within minutes after arriving home, K.S. told her mother that she needed to go to the bathroom. K.S. then began to cry and scream and ran into the living room jumping up and down, yelling "it burns, it hurts." T.S. testified that K.S.'s genital area was very red and swollen.

T.S. and M.S. contacted the police after which they were contacted by a social worker, Mary Taniguchi, who was with the Department of Human Resources. At her direction, they took K.S. to Northeast Community Hospital for an examination.

At the hospital, the first physician to examine K.S. was Dr. Waggener. Dr. Waggener testified he noticed a slight redness in the vagina area but there were no discharges or other abnormalities or any other evidence that he could find of forced entry or lacerations.

In addition to the testimony of Dr. Waggener, there was also contradicting testimony by Pat Yancey, a nurse who was on duty that night at Northeast Community Hospital, that there were no signs of bruising or abrasions. She did testify that she remembered there was a slight redness in the vaginal area.

Following the examination at Northeast Community Hospital, K.S. was taken the next day to see their family physician, David Law. Dr. Law testified he did not find any signs of physical abuse but he could not say whether K.S. had been physically abused or not. All he could say was there was no anatomical evidence of trauma, such as inflammation, redness, bruises or blood.

In its first point of error, All Saints contends the trial court erred in admitting into evidence exhibits and testimony which were hearsay.

Among the exhibits complained of by appellant was plaintiff's exhibit 5, which was a report prepared in part by Beth McAllister, a social worker with the Department of Human Resources, and in part by persons whose identities are unknown detailing the investigation of the child care facility and the alleged abuse of K.S. All Saints contends the DHR report contains hearsay and specifically points to accounts of conversations with other children at the All Saints Child Care Center and conversations with parents of children about what the children had told them concerning instances in which D.R. may have abused other children. The report was offered by M.S. and T.S. during the direct examination of Beth McAllister. However, the court at that time withheld its ruling. M.S. and T.S. contend it was after All Saints elicited information on twelve separate occasions from the report that the court determined the entire document should be admitted into evidence. After reviewing the record, we can find no mention by All Saints regarding the other instances in which D.R. may have abused other children and therefore, it cannot be said that All Saints invited the admission of the entire report.

Appellees further contend the report was admissible under TEX.R.CIV.EVID. 803, which provides in part:

> The following are not excluded by the hearsay rule ...
>
> . . . .
>
> (8) Records, reports, statements or data compilations, in any form, of public offices or agencies setting forth (A) ... or (B) matters observed pursuant to duty imposed by law as to which matters there was a duty to report....

■ The appellees argue that under TEX.HUM.RES.CODE ANN. sec. 42.044(c) (Vernon 1980), Beth McAllister was obligated to investigate the child care facility be-

cause of the duty imposed on her by law. Therefore, McAllister's report regarding the child care facility is a public record and meets the hearsay exception to Rule 803(8). However, parts of the report including the other alleged instances of abuse and a statement to Melody Lambert, Director of the Child Care Center, about whether someone had told her about D.R.'s inappropriate actions, do not fall within the exception to the hearsay rule. Multiple hearsay is admissible only if each part of the combined statements fits within an exception to the hearsay rule. TEX.R.CIV.EVID. 805; *First Southwest Lloyds Ins. v. MacDowell,* 769 S.W.2d 954, 959 (Tex.App.—Texarkana 1989, writ denied). In *MacDowell,* First Southwest Lloyds Insurance Company appealed an adverse judgment from a suit filed by the MacDowells to collect on their fire insurance policy when First Southwest refused their claim. First Southwest asserted the trial court erred in excluding the City Fire Marshal's written report of the fire which contained a reference to an eyewitness account. The court held the fire report was a public record but that parts of the report including the eyewitness account did not fall within the exception to the hearsay rule and, therefore, excluded the report. *Id.*

■ Evidence is hearsay when its probative force depends in whole or in part on the credibility or competency of some person other than the person by whom it is sought to be produced. *Texarkana Mack Sales, Inc. v. Flemister,* 741 S.W.2d 558, 562 (Tex.App.—Texarkana 1987, no writ). The conversations within the report by other children or their parents were hearsay. The identity of the parties making the statements regarding D.R. were unknown and furthermore, they were unavailable for questioning. Therefore, it was impossible to determine the veracity of the statements and the accuracy of the report. The conversations regarding other instances of alleged child abuse by D.R. were multiple hearsay, within the report, and as they did not fit within any exception to the hearsay rule, they were inadmissible.

■ While we hold that the portions of the DHR document complained of by All Saints were inadmissible, we must next decide whether All Saints' objection was specific enough to preserve its error. "A general objection to a unit of evidence as a whole, ... which does not point out specifically the portion objected to, is properly overruled if any part of it is admissible." *Speier v. Webster College,* 616 S.W.2d 617, 619 (Tex.1981), citing from *Brown & Root, Inc. v. Haddad,* 142 Tex. 624, 180 S.W.2d 339, 341 (1944).

Although All Saints' objection did not specifically point to each and every conversation by every parent or child, we hold it was specific enough to alert the trial judge as to what portions of the report were being objected to. Since those portions of the report were hearsay, those portions were inadmissible and error was not cured by the limiting instruction that it was not to be considered for the purpose of proving that everything in it was true, but for the purpose of determining the weight to be given the testimony.

Appellant also complains of plaintiff's exhibit 19 which is a two-page letter summation of the DHR document and contains allegations that D.R. abused other children. Because we hold that those portions of the DHR report containing allegations of other instances of sexual abuse were improperly admitted into evidence, plaintiff's exhibit 19 was likewise improperly admitted.

We hold the admission of plaintiff's exhibits 5 and 19 was erroneous and more than likely the error caused the rendition of an improper judgment. *See Birchfield v. Texarkana Memorial Hosp.,* 747 S.W.2d 361, 365 (Tex.1987). Appellant's first point of error is sustained as to plaintiff's exhibits 5 and 19.

Since appellant's prayer does not request that we render judgment on its behalf it is unnecessary that we address the remaining points of error.

The judgment of the trial court is reversed and remanded for a new trial.