Opinion filed March 17,
2011

 

                                                                       In The

                                                                              

  Eleventh
Court of Appeals

                                                                   __________

 

                                                         No. 11-10-00129-CV 

                                                    __________

 

         IN THE INTEREST
OF M.N., G.R. IV, AND G.R., CHILDREN



 

                                   On
Appeal from the 35th District Court

 

                                                           Brown
County, Texas

 

                                               Trial
Court Cause No. CV-08-09-311

 



 

                                            M E M O R A N
D U M   O P I N I O N

 

            This
is an appeal from an order terminating the parental rights of the parents of
M.N., G.R. IV, and G.R.  The father of G.R. IV and G.R. filed this appeal.[1] 
We affirm.  

            Appellant
presents four issues for review.  In the first two issues, he complains of the
admission into evidence of photos and a home-study report.  In the third issue,
he contends that the trial court erred in allowing the Department of Family and
Protective Services to withdraw its pleadings for alternative placement on the
day of trial.  In his final issue, appellant challenges the legal and factual
sufficiency of the evidence supporting termination.  

            Appellant’s
first issue was not preserved for appeal because he did not object at trial
when the photos about which he now complains on appeal were offered.  Tex. R. App. P. 33.1.; Tex. R. Evid. 103(a)(1).  The photos
were admitted into evidence upon appellant’s counsel’s affirmative statement
that he had no objection to their admission.  The first issue is overruled.  

            In
the second issue, appellant contends that the trial court erred in admitting a
report of the home study conducted on the home of the children’s uncle, with
whom the children had been placed.  The report was admitted into evidence over
appellant’s general objection that the report was hearsay.  A general objection
to evidence as a whole, which does not point out specifically the portion
objected to, is properly overruled if any part of that evidence is admissible. 
Speier v. Webster College, 616 S.W.2d 617, 619 (Tex. 1981); Gen.
Motors Corp. v. Harper, 61 S.W.3d 118, 126 (Tex. App.—Eastland 2001, pet.
denied).  The record shows that, pursuant to court order, the report had been
prepared by a licensed professional counselor, submitted to the Department, and
filed with the district clerk.  See Tex.
Fam. Code Ann. § 262.114 (Vernon Supp. 2010).  At least part of the report
was admissible as an exception to the hearsay rule under either Tex. R. Evid. 803(6) or (8).  See In
re E.A.K., 192 S.W.3d 133, 141-42 & n.10 (Tex. App.—Houston [14th
Dist.] 2006, pet. denied) (home study); All Saints Episcopal Hosp. v. M.S.,
791 S.W.2d 321 (Tex. App.—Fort Worth 1990, writ granted w.r.m.).  Thus,
appellant’s general objection was properly overruled.  

Appellant
complains on appeal that the report “contained extensive hearsay” and that the “histories
and allegations within the report by other parties were hearsay.”  At trial,
appellant did not object to any specific part of the report but made a general
objection “to this exhibit on the basis of it being hearsay.”  A blanket
hearsay objection that does not identify which parts of a document contain
hearsay is not sufficiently specific to preserve error with respect to those
parts.  Flores v. City of Liberty, 318 S.W.3d 551, 560 (Tex.
App.—Beaumont 2010, no pet.).  Appellant’s second issue is overruled.  

            In
his third issue, appellant argues that the trial court erred in allowing the
Department, on the day of trial, to withdraw its pleadings for alternative
placement.  Under this issue, appellant complains that the jury was not allowed
to consider alternative placement of the children without terminating his
parental rights.  Appellant did not object when the Department informed the
trial court that it waived any claim to be appointed managing conservator if
appellant’s rights were not terminated, nor did appellant object to the jury
charge on the basis that it did not permit the jury to consider the appointment
of the Department as the managing conservator.

The
record shows that, contrary to appellant’s assertion, the Department did not
withdraw its pleadings.  The Department merely withdrew any request to be
appointed the permanent managing conservator of the children in the event that
the jury chose not to terminate appellant’s parental rights.  This request
actually stemmed from the Department’s pleadings.  In its petition, the
Department requested to be appointed the permanent sole managing conservator
only if the children could not be reunified with either parent or permanently
placed with a relative or other suitable person.  The children’s uncle and his
wife, with whom the children had previously been placed, sought permanent
managing conservatorship of the children and hoped to ultimately adopt them. 

The
record shows that the jury was instructed regarding various alternatives other
than termination.  Pursuant to the jury charge, the jury was to consider first whether
appellant’s parental rights should be terminated.  If the jury found that his
rights should not be terminated, then the jury was to consider whether
appellant or the uncle and his wife should be appointed managing conservators. 
If managing conservatorship was not given to appellant, then the jury was to
consider possessory conservatorship.  Because the jury determined that
appellant’s parental rights should be terminated, it did not reach the
alternative questions.  We find no merit to the arguments presented by
appellant in his third issue; accordingly, it is overruled.  

            In
his final issue, appellant argues that the evidence was legally and factually
insufficient to support the termination of his parental rights.  Termination
must be supported by clear and convincing evidence.  Tex. Fam. Code Ann. § 161.001 (Vernon Supp. 2010).  To
determine if the evidence is legally sufficient in a parental termination case,
we review all of the evidence in the light most favorable to the finding and
determine whether a rational trier of fact could have formed a firm belief or
conviction that its finding was true.  In re J.P.B., 180 S.W.3d 570, 573
(Tex. 2005).  To determine if the evidence is factually sufficient, we give due
deference to the finding and determine whether, on the entire record, a factfinder
could reasonably form a firm belief or conviction about the truth of the
allegations against the parent.  In re C.H., 89 S.W.3d 17, 25-26 (Tex. 2002). 


            To
terminate parental rights, it must be shown by clear and convincing evidence
that the parent has committed one of the acts listed in Section 161.001(1)(A-T)
and that termination is in the best interest of the child.[2] 
Section 161.001.  In this case, appellant’s rights were terminated upon
findings that he knowingly placed or knowingly allowed the children to remain
in conditions or surroundings that endangered the physical or emotional
well-being of the children, that he engaged in conduct or knowingly placed the
children with persons who engaged in conduct that endangered the physical or
emotional well-being of the children, and that he failed to comply with the
provisions of a court order that specifically established the actions necessary
for him to obtain the return of the children who had been in the managing
conservatorship of the Department for at least nine months as a result of the
children’s removal from the parent under Chapter 262[3]
for the abuse or neglect of the children.  See Section 161.001(1)(D),
(E), (O) (respectively).

            The
record shows that the children were removed from their mother’s home in
September 2008 based upon her neglectful supervision in allowing the children
to be in the care of her husband, who physically abused the children.  G.R. IV
and G.R. were placed with their uncle for one week and were then sent to San
Angelo to live with appellant and his wife.  The children had very little
contact with appellant after January 2003 – when G.R. IV was two years old and
G.R. was about eight months old.  The court appointed the Department as the
children’s temporary managing conservator and ordered both parents to comply
with each requirement of the family service plan.  G.R. IV and G.R. were
removed from appellant’s home on April 24, 2009, after he and his wife tested
positive for marihuana and admitted to marihuana use.  At that time, the
children were again placed with their uncle and his wife, who subsequently
became certified foster parents.  At the time of trial in March 2010, the
children still lived with their uncle and his family.  

            Appellant
argues that his marihuana use alone cannot form the basis for the termination
of his rights.  Appellant cites Ruiz v. Texas Department of Family and
Protective Services, 212 S.W.3d 804 (Tex. App.—Houston [1st Dist.] 2006, no
pet.), and similar cases to support his argument.[4] 
In the cases cited by appellant, the appellate courts addressed the sufficiency
of the evidence to support findings under Section 161.001(1)(D) and (E).  They
did not address Section 161.001(1)(O).  In this case, we agree that the
evidence may not have been sufficient to support termination of appellant’s
parental rights under Section 161.001(1)(D) or (E).  However, we find that the
evidence is both legally and factually sufficient to support a finding under
Section 161.001(1)(O) based upon appellant’s failure to comply with the
provisions of the family service plan as ordered by the court.  

The
record shows that one of the provisions in the family service plan provided
that appellant and his wife were not to “associate with any person or persons
who have committed criminal acts, have involvement with law enforcement, or who
use/distribute illegal drugs or alcohol” and were not to “commit any criminal
acts that could lead to incarceration or involvement with law enforcement.”  During
his testimony at trial, appellant admitted that he had not complied with this
provision of his family service plan.  He admitted to using marihuana after the
children had been placed with him and while the service plan was in effect.  The
record also shows that, at the time of trial, the children had been in the
managing conservatorship of the Department for more than nine months as a
result of being removed from their parent “under Chapter 262 for the abuse or
neglect” of the children as required by Section 161.001(1)(O).  The children
had originally been removed from their mother’s home due to abuse and neglect. 
It is not necessary that the parent who failed to comply with a court order be
the same parent whose abuse or neglect warranted the child’s removal.  In re
S.N., 287 S.W.3d 183, 187-89 (Tex. App.—Houston [14th Dist.] 2009, no pet.).
 Appellant’s fourth issue is overruled.  

            The
trial court’s order of termination is affirmed.  

 

 

                                                                                                JIM
R. WRIGHT

                                                                                                CHIEF
JUSTICE

 

March 17, 2011

Panel consists of:  Wright, C.J.,

McCall, J., and Strange, J.









[1]Though their rights were also terminated, neither the
mother of the children nor the father of M.N. has appealed. 





[2]Appellant presents no issue or argument concerning the
sufficiency of the evidence in support of the best interest finding. 
Therefore, we need not address it. 

 





[3]Tex. Fam. Code Ann. ch. 262 (Vernon 2008 & Supp. 2010) outlines the
procedures for a suit brought by a gov-ernmental entity to protect the health
and safety of a child. 

 





[4]In re A.S.,
261 S.W.3d 76 (Tex. App.—Houston [14th Dist.] 2008, pet. denied); In re
S.M.L., 171 S.W.3d 472 (Tex. App.—Houston [14th Dist.] 2005, no pet.); In
re J.T.G., 121 S.W.3d 117 (Tex. App.—Fort Worth 2003, no pet.).