**Opinion filed March 17, 2011**



In The

# Eleventh Court of Appeals

_____

## No. 11-10-00129-CV

_____

## IN THE INTEREST OF M.N., G.R. IV, AND G.R., CHILDREN

**On Appeal from the 35th District Court**

**Brown County, Texas**

**Trial Court Cause No. CV-08-09-311**

## MEMORANDUM OPINION

This is an appeal from an order terminating the parental rights of the parents of M.N., G.R. IV, and G.R. The father of G.R. IV and G.R. filed this appeal.[1] We affirm.

Appellant presents four issues for review. In the first two issues, he complains of the admission into evidence of photos and a home-study report. In the third issue, he contends that the trial court erred in allowing the Department of Family and Protective Services to withdraw its pleadings for alternative placement on the day of trial. In his final issue, appellant challenges the legal and factual sufficiency of the evidence supporting termination.

Appellant's first issue was not preserved for appeal because he did not object at trial when the photos about which he now complains on appeal were offered. TEX. R. APP. P. 33.1.;

---

[1]Though their rights were also terminated, neither the mother of the children nor the father of M.N. has appealed.

TEX. R. EVID. 103(a)(1). The photos were admitted into evidence upon appellant's counsel's affirmative statement that he had no objection to their admission. The first issue is overruled.

In the second issue, appellant contends that the trial court erred in admitting a report of the home study conducted on the home of the children's uncle, with whom the children had been placed. The report was admitted into evidence over appellant's general objection that the report was hearsay. A general objection to evidence as a whole, which does not point out specifically the portion objected to, is properly overruled if any part of that evidence is admissible. *Speier v. Webster College*, 616 S.W.2d 617, 619 (Tex. 1981); *Gen. Motors Corp. v. Harper*, 61 S.W.3d 118, 126 (Tex. App.—Eastland 2001, pet. denied). The record shows that, pursuant to court order, the report had been prepared by a licensed professional counselor, submitted to the Department, and filed with the district clerk. *See* TEX. FAM. CODE ANN. § 262.114 (Vernon Supp. 2010). At least part of the report was admissible as an exception to the hearsay rule under either TEX. R. EVID. 803(6) or (8). *See In re E.A.K.*, 192 S.W.3d 133, 141-42 & n.10 (Tex. App.—Houston [14th Dist.] 2006, pet. denied) (home study); *All Saints Episcopal Hosp. v. M.S.*, 791 S.W.2d 321 (Tex. App.—Fort Worth 1990, writ granted w.r.m.). Thus, appellant's general objection was properly overruled.

Appellant complains on appeal that the report "contained extensive hearsay" and that the "histories and allegations within the report by other parties were hearsay." At trial, appellant did not object to any specific part of the report but made a general objection "to this exhibit on the basis of it being hearsay." A blanket hearsay objection that does not identify which parts of a document contain hearsay is not sufficiently specific to preserve error with respect to those parts. *Flores v. City of Liberty*, 318 S.W.3d 551, 560 (Tex. App.—Beaumont 2010, no pet.). Appellant's second issue is overruled.

In his third issue, appellant argues that the trial court erred in allowing the Department, on the day of trial, to withdraw its pleadings for alternative placement. Under this issue, appellant complains that the jury was not allowed to consider alternative placement of the children without terminating his parental rights. Appellant did not object when the Department informed the trial court that it waived any claim to be appointed managing conservator if appellant's rights were not terminated, nor did appellant object to the jury charge on the basis that it did not permit the jury to consider the appointment of the Department as the managing conservator.

The record shows that, contrary to appellant's assertion, the Department did not withdraw its pleadings. The Department merely withdrew any request to be appointed the permanent managing conservator of the children in the event that the jury chose not to terminate appellant's parental rights. This request actually stemmed from the Department's pleadings. In its petition, the Department requested to be appointed the permanent sole managing conservator only if the children could not be reunified with either parent or permanently placed with a relative or other suitable person. The children's uncle and his wife, with whom the children had previously been placed, sought permanent managing conservatorship of the children and hoped to ultimately adopt them.

The record shows that the jury was instructed regarding various alternatives other than termination. Pursuant to the jury charge, the jury was to consider first whether appellant's parental rights should be terminated. If the jury found that his rights should not be terminated, then the jury was to consider whether appellant or the uncle and his wife should be appointed managing conservators. If managing conservatorship was not given to appellant, then the jury was to consider possessory conservatorship. Because the jury determined that appellant's parental rights should be terminated, it did not reach the alternative questions. We find no merit to the arguments presented by appellant in his third issue; accordingly, it is overruled.

In his final issue, appellant argues that the evidence was legally and factually insufficient to support the termination of his parental rights. Termination must be supported by clear and convincing evidence. TEX. FAM. CODE ANN. § 161.001 (Vernon Supp. 2010). To determine if the evidence is legally sufficient in a parental termination case, we review all of the evidence in the light most favorable to the finding and determine whether a rational trier of fact could have formed a firm belief or conviction that its finding was true. *In re J.P.B.*, 180 S.W.3d 570, 573 (Tex. 2005). To determine if the evidence is factually sufficient, we give due deference to the finding and determine whether, on the entire record, a factfinder could reasonably form a firm belief or conviction about the truth of the allegations against the parent. *In re C.H.*, 89 S.W.3d 17, 25-26 (Tex. 2002).

To terminate parental rights, it must be shown by clear and convincing evidence that the parent has committed one of the acts listed in Section 161.001(1)(A-T) and that termination is in the best interest of the child.[2] Section 161.001. In this case, appellant's rights were terminated

---

[2]Appellant presents no issue or argument concerning the sufficiency of the evidence in support of the best interest finding. Therefore, we need not address it.

upon findings that he knowingly placed or knowingly allowed the children to remain in conditions or surroundings that endangered the physical or emotional well-being of the children, that he engaged in conduct or knowingly placed the children with persons who engaged in conduct that endangered the physical or emotional well-being of the children, and that he failed to comply with the provisions of a court order that specifically established the actions necessary for him to obtain the return of the children who had been in the managing conservatorship of the Department for at least nine months as a result of the children's removal from the parent under Chapter 262[3] for the abuse or neglect of the children. *See* Section 161.001(1)(D), (E), (O) (respectively).

The record shows that the children were removed from their mother's home in September 2008 based upon her neglectful supervision in allowing the children to be in the care of her husband, who physically abused the children. G.R. IV and G.R. were placed with their uncle for one week and were then sent to San Angelo to live with appellant and his wife. The children had very little contact with appellant after January 2003 – when G.R. IV was two years old and G.R. was about eight months old. The court appointed the Department as the children's temporary managing conservator and ordered both parents to comply with each requirement of the family service plan. G.R. IV and G.R. were removed from appellant's home on April 24, 2009, after he and his wife tested positive for marihuana and admitted to marihuana use. At that time, the children were again placed with their uncle and his wife, who subsequently became certified foster parents. At the time of trial in March 2010, the children still lived with their uncle and his family.

Appellant argues that his marihuana use alone cannot form the basis for the termination of his rights. Appellant cites *Ruiz v. Texas Department of Family and Protective Services*, 212 S.W.3d 804 (Tex. App.—Houston [1st Dist.] 2006, no pet.), and similar cases to support his argument.[4] In the cases cited by appellant, the appellate courts addressed the sufficiency of the evidence to support findings under Section 161.001(1)(D) and (E). They did not address Section 161.001(1)(O). In this case, we agree that the evidence may not have been sufficient to support termination of appellant's parental rights under Section 161.001(1)(D) or (E). However, we find

---

[3]TEX. FAM. CODE ANN. ch. 262 (Vernon 2008 & Supp. 2010) outlines the procedures for a suit brought by a governmental entity to protect the health and safety of a child.

[4]*In re A.S.*, 261 S.W.3d 76 (Tex. App.—Houston [14th Dist.] 2008, pet. denied); *In re S.M.L.*, 171 S.W.3d 472 (Tex. App.—Houston [14th Dist.] 2005, no pet.); *In re J.T.G.*, 121 S.W.3d 117 (Tex. App.—Fort Worth 2003, no pet.).

that the evidence is both legally and factually sufficient to support a finding under Section 161.001(1)(O) based upon appellant's failure to comply with the provisions of the family service plan as ordered by the court.

The record shows that one of the provisions in the family service plan provided that appellant and his wife were not to "associate with any person or persons who have committed criminal acts, have involvement with law enforcement, or who use/distribute illegal drugs or alcohol" and were not to "commit any criminal acts that could lead to incarceration or involvement with law enforcement." During his testimony at trial, appellant admitted that he had not complied with this provision of his family service plan. He admitted to using marihuana after the children had been placed with him and while the service plan was in effect. The record also shows that, at the time of trial, the children had been in the managing conservatorship of the Department for more than nine months as a result of being removed from their parent "under Chapter 262 for the abuse or neglect" of the children as required by Section 161.001(1)(O). The children had originally been removed from their mother's home due to abuse and neglect. It is not necessary that the parent who failed to comply with a court order be the same parent whose abuse or neglect warranted the child's removal. *In re S.N.*, 287 S.W.3d 183, 187-89 (Tex. App.—Houston [14th Dist.] 2009, no pet.). Appellant's fourth issue is overruled.

The trial court's order of termination is affirmed.

JIM R. WRIGHT
CHIEF JUSTICE

March 17, 2011

Panel consists of: Wright, C.J.,
McCall, J., and Strange, J.