

2006 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

6-9-2006

# USA v. Cabbagestalk

Precedential or Non-Precedential: Non-Precedential

Docket No. 05-1316

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2006

Recommended Citation

"USA v. Cabbagestalk" (2006). *2006 Decisions.* Paper 930.
http://digitalcommons.law.villanova.edu/thirdcircuit_2006/930

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2006 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

IN THE UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

Case No: 05-1316

UNITED STATES OF AMERICA

v.

MARVIN CABBAGESTALK,

Appellant

On Appeal from the United States District Court
for the Western District of Pennsylvania
District Court No.: 04-CR-89
District Judge: The Honorable Alan N. Bloch

Submitted Pursuant to Third Circuit LAR 34.1(a)
October 20, 2005

Before: SMITH, BECKER, and NYGAARD, *Circuit Judges*[*]

(Filed: June 9, 2006)

OPINION

SMITH, *Circuit Judge*.

In November of 2003, police officers in the City of Pittsburgh responded to a

---

[*]This case was argued before the panel of Judges Smith, Becker and Nygaard. Judge Becker died on May 19, 2006, before the filing of the Opinion and Judgment. The Opinion is filed by a quorum of the panel. 28 U.S.C. § 46(d).

report that shots were fired in the direction of a residence by a bald, black man in a silver car. The police apprehended the car and arrested Marvin Cabbagestalk, who fit the description given by witnesses. A grand jury subsequently returned a one count indictment against Cabbagestalk, charging him with unlawful possession of a firearm by a convicted felon in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2). At a change of plea hearing on September 29, 2004, the District Court conducted its Rule 11 colloquy and specifically asked Cabbagestalk if he understood that the maximum penalty was ten years imprisonment. Cabbagestalk replied in the affirmative. After the government reviewed the evidence in support of the offense charged, Cabbagestalk affirmed that he possessed a Bryco .38 caliber pistol, but he denied that he had discharged the firearm. The District Judge accepted Cabbagestalk's plea and directed that a pre-sentence report ("PSR") be prepared.

The PSR indicated that Cabbagestalk discharged the weapon in the direction of a residence, causing a witness "to dive for cover . . . ." In addition, the PSR represented that two other witnesses claimed that Cabbagestalk had fired at them. In light of that conduct, the PSR adjusted the base offense level of 20 under United States Sentencing Guideline ("U.S.S.G.") § 2K2.1 upward by four levels for the specific offense characteristic of using the firearm in connection with another felony, namely, aggravated assault. The adjusted offense level of 24 was reduced by three points for Cabbagestalk's acceptance of responsibility, yielding a total offense level of 21. Because

Cabbagestalk's criminal history category was IV, the resulting sentencing guideline range was 57 to 71 months. Without the four level adjustment, Cabbagestalk's sentencing range would have been 37 to 46 months.

Prior to sentencing, Cabbagestalk objected to the four level adjustment pursuant to U.S.S.G. § 2K2.1(b)(5). He argued that whether he had discharged the firearm was a fact that had to be proven beyond a reasonable doubt in accordance with *Blakely v. Washington*, 542 U.S. 296 (2004). As additional support for his position, Cabbagestalk attached the respondent's brief from the pending appeal before the Supreme Court in *United States v. Fanfan*. *See United States v. Booker*, 543 U.S. 220 (2005) (resolving the writs of certiorari filed by Booker and Fanfan). The government argued that Cabbagestalk's position lacked merit.

On January 12, 2005, the Supreme Court issued its decision in *United States v. Booker*, 543 U.S. 220 (2005). Two weeks later, the District Court conducted Cabbagestalk's sentencing hearing. Cabbagestalk asserted that the District Court's findings at sentencing had to be proven beyond a reasonable doubt. He renewed his objection to the four level adjustment under U.S.S.G. § 2K2.1(b)(5) and urged the District Court to impose a sentence at the lower end of his guideline range. When neither party offered additional evidence, the District Court adopted the findings of the PSR. After affording Cabbagestalk his right of allocution, the District Court cited *Booker* and declared that the "advisory guidelines do not reach the proper sentence . . . ."

As support for its conclusion, the District Court explained that the

> suggested guideline sentence range does not sufficiently reflect the
> seriousness of the defendant's offense, nor would a sentence within that
> range sufficiently promote respect for the law, provide just punishment for
> the offense, or afford adequate deterrence to criminal conduct, or protect
> the public from further crimes by this defendant.
>       The defendant did not merely possess a firearm, but actually
> engaged in the drive-by shooting, whereby, he fired the gun at three
> persons from his car on November 2, 2003. Therefore, the real conduct in
> this case is much more serious than the mere possession of a firearm by a
> convicted felon and is not adequately addressed by the relative [sic] minor
> four-level adjustment under Section 2K2.1(b)(5) of the guidelines.

The District Court further explained that the sentence was "necessary to reflect the

seriousness of the real conduct underlying this offense and to provide just punishment

for the offense." In addition, the Court noted that the defendant had a "history of

violence, culminating in the present offense, both as a juvenile and as an adult," as well

as a history of unlawfully using weapons. Instead of imposing a sentence within the

guideline range of 57 to 71 months, the District Court imposed a sentence of 120

months, *i.e.*, the statutory maximum of ten years. *See* 18 U.S.C. § 922(g)(1) and

924(a)(2). This timely appeal followed.[1]

Cabbagestalk argues that the District Court erred in several respects: (1) by failing

to provide him with notice of its intent to depart upward from the advisory Sentencing

Guideline range as required by *Burns v. United States*, 501 U.S. 129 (1991), and Federal

---

[1]The District Court exercised jurisdiction pursuant to 18 U.S.C. § 3231. Appellate
jurisdiction exists under 28 U.S.C. § 1291 and 18 U.S.C. § 3742(a). *See also United
States v. Cooper*, 437 F.3d 324, 327-28 (3d Cir. 2006).

Rule of Criminal Procedure 32; (2) in not applying the reasonable doubt standard to the findings of fact that it used to increase his sentence beyond the advisory guideline range; (3) by imposing, based upon a development in the law after the commission of his offense and in violation of the Due Process Clause, a sentence greater than the mandatory sentencing guideline range in effect at the time he committed the offense charged; (4) by relying, despite the instruction provided by the Supreme Court in *Crawford v. Washington*, 541 U.S. 36 (2004), at sentencing on information contained in the PSR even though the witnesses were not cross-examined; and (5) by imposing an unreasonable sentence contrary to *Booker*.

The government concedes that the District Court erred by not providing Cabbagestalk with the required notice of its intent to depart and "urges [us] to exercise [our] supervisory authority to direct the district courts to give the parties notice and an opportunity to respond when considering a variance from the advisory sentencing guideline range." It contends, however, that we need not remand because the error was harmless inasmuch as Cabbagestalk has not demonstrated that "he would have done things differently had notice been given." *United States v. Himler*, 355 F.3d 735, 742 (3d Cir. 2004). In light of the government's concession, we need not determine whether a district court is legally required to provide notice that it intends to depart above the advisory guideline range on an unidentified ground. Because Cabbagestalk's counsel has explained that he would have conducted additional factual investigation and prepared

5

additional legal argument on the method to be employed in departing upward, we conclude that the error is not harmless. For that reason, we will vacate the District Court's judgment and remand this matter for resentencing.

Because we will vacate the District Court's judgment, we need not address the reasonableness of the District Court's sentence. Based on the Supreme Court's instruction in *Booker*, we reject Cabbagestalk's argument that the reasonable doubt standard must be applied to the facts considered by a sentencing judge.

In *Booker*, Justice Breyer determined that the remedy for the Sixth Amendment violation was to excise the two provisions of the Sentencing Reform Act of 1984, as amended, that made the guidelines mandatory. 543 U.S. at 245. He explained at length why the Sixth Amendment reasonable doubt requirement was not being superimposed onto the sentencing statutes. 543 U.S. at 247-58. Indeed, in Justice Stevens' opinion in *Booker*, he acknowledged that if the guidelines were advisory instead of mandatory, then "their use would not implicate the Sixth Amendment," and he confirmed that "when a trial judge exercises his discretion to select a specific sentence within a defined range, the defendant has no right to a jury determination of the facts that the judge deems relevant." *Booker*, 543 U.S. at 233.

Consistent with this instruction, we declared in *United States v. Cooper*, 437 F.3d 324, 330 (3d Cir. 2006), that "[a]s before *Booker*, the standard of proof under the guidelines for sentencing facts continues to be preponderance of the evidence."

Accordingly, the District Judge did not err by failing to determine the applicable sentencing factors beyond a reasonable doubt.

Cabbagestalk also argues, for the first time, that the Sixth Amendment does not allow the government to prove its case with testimonial witness statements that were not subject to cross-examination. Appellant's Br. at 24 (citing *Crawford v. Washington*, 541 U.S. 36 (2004)). Assuming that Cabbagestalk's single paragraph was sufficient to raise this issue for review, we review for plain error. Fed. R. Crim. P. 52(b). We find no error, plain or otherwise.

In *United States v. McGlory*, 968 F.2d 309, 347 (3d Cir. 1992), we declared that the "Sixth Amendment's confrontation clause does not apply to sentencing hearings and reliable hearsay is generally admissible." *Id.* (citing *United States v. Kikumura*, 918 F.2d 1084, 1099-1100 (3d Cir. 1990)). The Supreme Court's decision in *Crawford* did not erode this principle because *Crawford* concerned only the use of uncross-examined testimony at trial. 541 U.S. at 42. Crawford's sentence was not at issue.

Because *Crawford* concerned only trial testimony, we reject Cabbagestalk's invitation to extend *Crawford* and apply it to sentencing hearings. We cannot ignore the Supreme Court's decision in *Williams v. New York*, 337 U.S. 241 (1949), which held that the consideration of information supplied by witnesses at sentencing who were not subject to cross examination did not violate the Due Process Clause. *Id.* We note that none of our sister Courts of Appeals that have addressed the issue have been willing to

expand *Crawford*'s reach either. *See United States v. Chau*, 426 F.3d 1318, 1323 (11th Cir. 2005) (refusing to apply *Crawford* to sentencing hearing); *United States v. Luciano*, 414 F.3d 174, 179 (1st Cir. 2005) (pointing out that *Crawford* concerned hearsay at trial and that it would not alter its conclusion that "there is no Sixth Amendment Confrontation Clause right at sentencing"); *United States v. Roche*, 415 F.3d 614, 618 (7th Cir. 2005), *cert. denied*, 126 S.Ct. 671 (2005) (explaining that the "relevant provision at sentencing is the due process clause, not the confrontation clause" because witnesses at sentencing are not accusers); *United States v. Martinez*, 413 F.3d 239, 243 (2nd Cir. 2005) (rejecting defendant's invitation to reconsider the applicability of the Confrontation Clause in light of *Crawford*).

Finally, we consider Cabbagestalk's contention that his due process rights under the Fifth Amendment were violated by the retroactive application of the Supreme Court's decision in *Booker,* which exposed him to punishment under the statutory maximum of ten years instead of the lower guideline range applicable under a mandatory sentencing scheme. In *Rogers v. Tennessee*, 532 U.S. 451 (2001), the Supreme Court considered the constitutionality of the retroactive application of a judicial decision which permitted the defendant to be charged with murder. The Court recognized that the *Ex Post Facto* Clause did not govern the issue because it applied only to legislative acts. Nonetheless, it reiterated that the limitations of that Clause "are inherent in the notion of due process." *Id.* at 456. As a result, the constitutionality of the retroactive application

of a judicial decision rests "on core due process concepts of notice, foreseeability, and in particular, the right to fair warning . . . ." *Id.* at 459. A judicial decision "violates the principle of fair warning, and hence must not be given retroactive effect, only where it is unexpected and indefensible by reference to the law which had been expressed prior to the conduct in issue." *Id.* at 462 (internal quotation marks and citation omitted).

In *United States v. Pennavaria*, __F.3d __, 2006 WL1061956 (3d Cir. 2006), we applied *Rogers'* principles to a similar challenge by a defendant who opposed a remand for resentencing under *Booker*. Pennavaria argued that retroactive application of *Booker* would expose him to a maximum statutory sentence of twenty years per count, as opposed to a mandatory guideline sentence of forty-six months. We explained that

> Pennavaria's *ex post facto* argument fails for two reasons. First, the Supreme Court in *Booker* clearly instructed that both of its holdings should be applied to all cases on direct review. Second, Pennavaria had fair warning that participating in a money laundering conspiracy and engaging in substantive money laundering was punishable by a prison term of up to 20 years under 18 U.S. C. § 1956(a). Pennavaria also had fair warning that his sentence could be enhanced based on judge-found facts as long as the sentence did not exceed the statutory maximum. For these reasons, we join the other Courts of Appeals . . . and hold that application of *Booker*'s remedial holding to cases pending on direct review does not violate the *ex post facto* principle of the Due Process Clause.

*Id.* at __, 2006 WL 1061956 at *4 (citation omitted). Because *Pennavaria* governs Cabbagestalk's *ex post facto* claim, it too fails.

For the reasons set forth above, we will affirm Cabbagestalk's conviction, we will vacate his sentence, and we will remand for resentencing so that defense counsel has an

opportunity to prepare in light of the District Court's intent to depart upward beyond the

advisory guideline range.