**UNITED STATES of America**

v.

**Marvin CABBAGESTALK, Appellant.**

**No. 06–3916.**

United States Court of Appeals,
Third Circuit.

Submitted under Third Circuit
LAR 34.1(a) on May 17, 2007.

Filed: Aug. 31, 2007.

view any orders entered prior to the transfer order after final judgment was entered).

Laura S. Irwin, Office of United States Attorney, Pittsburgh, PA, for Appellee.

Thomas J. Farrell, Reich, Alexander, Reisinger & Farrell, Pittsburgh, PA, for Appellant.

Before: FISHER and ROTH, Circuit Judges RAMBO *, District Judge.

OPINION

ROTH, Circuit Judge:

Marvin Cabbagestalk pleaded guilty to unlawful possession of a firearm by a felon, in violation of 18 U.S.C. § 922(g)(1). He entered into no plea agreement, and the presentence investigation report recommended that he be sentenced to 57 to 71

months' imprisonment, the range advised by the United States Sentencing Guidelines. This advisory range was based on a base offense level of 17, a four-point enhancement under U.S.S.G. § 2K2.1(b)(5) for possessing the firearm in connection with another felony offense, and a criminal history category of IV. The District Court assessed the four-point enhancement but varied upward from the Guidelines range to impose the statutory maximum sentence of 120 months' imprisonment. We vacated this sentence because the District Court failed to provide Cabbagestalk with notice that it intended to impose a sentence above the Guidelines range, and we remanded for resentencing. *United States v. Cabbagestalk*, 184 Fed.Appx. 191, 193 (3d Cir.2006). On resentencing, the District Court imposed the same sentence of 120 months' imprisonment. Cabbagestalk timely appeals this judgment of sentence as unreasonable. We will affirm the judgment.

The District Court had jurisdiction over this action pursuant to 18 U.S.C. § 3231. We have jurisdiction over Cabbagestalk's appeal from a final judgment of sentence pursuant to 18 U.S.C. § 3742 and 28 U.S.C. § 1291.

We review criminal sentences for "reasonableness." *United States v. Booker*, 543 U.S. 220, 261–62, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005). To find that a sentence is reasonable, we must be satisfied that the sentencing court appropriately exercised its discretion by considering the relevant factors under 18 U.S.C. § 3553(a). *United States v. Cooper*, 437 F.3d 324, 329 (3d Cir.2006). The record must show that the court gave "meaningful consideration" to the § 3553(a) factors. *See id.* We must

---

* Judge Sylvia H. Rambo, United States District Judge for the Middle District of Pennsylvania,     sitting by designation.

ensure that the court correctly calculated the advisory Guidelines range, *United States v. Gunter*, 462 F.3d 237, 247 (3d Cir.2006), but also that it reasonably applied the § 3553(a) factors to the circumstances of the case. *Cooper*, 437 F.3d at 330. Our standard of review for reasonable application of the sentencing factors is a deferential one, and the appellant has the burden of demonstrating unreasonableness. *See id.* at 330, 332.

■ Cabbagestalk contends that a sentencing judge may not vary upward from the Guidelines range based on disagreement with the values assigned to the defendant's conduct and criminal history. This is not so. "[T]he sentencing statutes envision both the sentencing judge and the Commission as carrying out the same basic § 3553(a) objectives, the one, at retail, the other at wholesale." *Rita v. United States*, —— U.S. ——, 127 S.Ct. 2456, 2463, 168 L.Ed.2d 203 (2007). It is the role of the sentencing judge to take the generalized implementation of sentencing goals found in the Guidelines and apply it to specific cases. Where the Guidelines recommendation does not adequately reflect the circumstances of a case, a variance from the advisory range may be appropriate.

■ The sentencing court does have an obligation to explain why the variance is appropriate in light of the factors set forth in § 3553(a) and the meritorious objections of the parties. *See Cooper*, 437 F.3d at 329; *United States v. Kononchuk*, 485 F.3d 199, 204 (3d Cir.2007). The District Court provided ample explanation. Section 2K2.1(b)(5) calls for a four-point enhancement if the firearm was used in connection with another felony, but it does not differentiate between different felonies. The Guidelines provide that where the offense "posed a substantial risk of death or bodily injury to multiple individuals," an

"upward departure may be warranted...." *See* U.S.S.G. § 2K2.1, app. n. 13. The District Court found that Cabbagestalk used the firearm in question to fire several shots, at several people, from his car. Given the seriousness of this conduct (multiple attempted murders), the District Court determined that a four-point enhancement was insufficient.

Additionally, the District Court explained at length why Cabbagestalk's criminal history category did not capture the full extent of his dangerousness. Cabbagestalk has a long history of violent offenses. Previously, he has been convicted of robbery, aggravated assault, making terroristic threats, and recklessly endangering another person after he brutally assaulted and robbed a bus driver with a shotgun. The District Court concluded that "[w]hile the guidelines take the defendant's criminal history into account, they do not adequately address the defendant's pattern of violent behavior or the continuing danger he poses to society, and a sentence greater than that suggested by the guidelines is necessary to promote respect for the law, afford adequate deterrence to criminal conduct of this nature, and to protect the public from further violent crimes by the defendant."

Marvin Cabbagestalk is a dangerous man. At bottom, the District Court determined that the sentence recommended by the Guidelines was not sufficient, under the circumstances, to effectuate the goals set forth in § 3553(a). It is clear to us that the District Court identified the particular circumstances regarding Cabbagestalk's offense and character that necessitated this determination. It is also clear from the record that the District Court considered the relevant mitigating factors—low IQ, depression, an unconfirmed report that Cabbagestalk's mother had tried to kill him, and rehabilitation while

incarcerated, but that it found them to be outweighed by the many aggravating circumstances identified at sentencing. We are satisfied that the District Court acted reasonably to impose a sentence sufficient, but not greater than necessary, to comply with the purposes set forth in 18 U.S.C. § 3553(a).

The judgment of sentence will be **affirmed.**