Franklin DAYTON, Jr., Appellant,

v.

STATE of Alaska, Appellee.

No. A–08791.

Court of Appeals of Alaska.

Sept. 8, 2005.

---

**42.** *Campbell,* 538 U.S. at 428, 123 S.Ct. 1513 (quoting *Gore,* 517 U.S. at 575, 116 S.Ct. 1589).

**43.** *Id.*

**44.** *See supra* Part IV.C.1.

Before: COATS, Chief Judge, MANNHEIMER, and STEWART, Judges.

## ORDER

### Petition for Rehearing

Franklin Dayton petitions us to reconsider our decision in his case, *Dayton v. State,* Alaska App. Opinion No. 2005 (August 26, 2005). Dayton asserts that we misconstrued one of his arguments on appeal, and he also asserts that we failed to address several of his arguments.

The underlying issues in this appeal arise from the fact that the sentencing judge, Superior Court Judge Randy M. Olsen, found

two aggravating factors—particularly vulnerable victim, and conduct among the most serious within the definition of the offense [1] —based on the contents of the police reports and the pre-sentence report in Dayton's case. Judge Olsen relied on the contents of these reports after the parties expressly agreed that no live testimony would be presented on these issues, and that the judge could rely on the hearsay contained in these documents when making his rulings.

On appeal, Dayton contended that when Judge Olsen resolved the disputed aggravators himself, rather than submitting these aggravators to a jury, the judge violated Dayton's Sixth Amendment right to jury trial as construed in *Blakely v. Washington,* 542 U.S. 296, 124 S.Ct. 2531, 159 L.Ed.2d 403 (2004). We rejected that argument because we concluded that, as a matter of Alaska sentencing law, Judge Olsen had the authority to impose Dayton's sentence (2 years to serve, plus 2 additional years of suspended jail time) even in the absence of any aggravating factors.[2] Thus, Dayton's *Blakely* argument was moot.[3]

Dayton also raised a second attack on Judge Olsen's findings, this one having to do with the fact that no live testimony was presented in favor of the two aggravators.

In our opinion, we described this argument as the contention that it was illegal for Judge Olsen to base his findings on the hearsay contained in the police reports and the pre-sentence report—illegal because the pre-sentence report contained at least two versions of events and, thus, live testimony from the people involved (the defendant and the victim) was required, as a matter of law, before the judge could resolve any issues of fact in the State's favor. We criticized Dayton's attorney for making this argument because, during the superior court proceedings, she expressly agreed that the aggravators could be litigated in this manner—*i.e.,* expressly agreed that Judge Olsen could rule on the proposed aggravators without any need for

---

1.  AS 12.55.155(c)(5) and (c)(10), respectively.

2.  *Dayton,* slip opinion at pages 15 and 20.

3.  *Id.,* slip opinion at page 21.

the State to present live testimony from the victim.

■ In the current petition for rehearing, Dayton's attorney asserts that she never argued that Judge Olsen's action was illegal in this sense. She declares that she was making a different argument: the argument that Judge Olsen was clearly erroneous (as a factual matter) when he concluded, based on the information contained in the police reports and pre-sentence report, that the State had proved the two aggravating factors—because the contents of these reports simply failed to support a finding that the two aggravators had been proved by clear and convincing evidence.

■ We assume that Dayton's attorney is accurately reporting the argument she intended to make. But, like any appellate court, when we decide a case we must rely on what an attorney writes, not on what an attorney may be thinking. Dayton's opening brief attacks Judge Olsen's fact-finding on the basis that it was *illegal*—not just that the record provided insufficient support for the judge's conclusions.

Here is the pertinent portion of Dayton's opening brief (pages 23–25):

[T]he procedure by which the [superior] court found the two aggravating factors ... failed to comply with *Blakely*. Mr. Dayton asks [this] court to remand his case to the [superior] court for a new sentencing.

*Alternatively,* if the court were to find that ... *Blakely* [does] not apply to [the aggravating] factors, Mr. Dayton still asks [this] court to find that the [superior court's] determination that [the] aggravating factors were proved by clear and convincing evidence nonetheless resulted from *an illegal procedure.*

... [T]he presentence report set forth [the victim's] version of events and Mr. Dayton's version of events.... [T]he level of proof [for aggravating factors] is very high, "clear and convincing evidence." ...

Here, the [superior] court made a determination that [the victim] was more believable than Mr. Dayton ... without being able to determine the two individuals' rela-

tive credibility.... [T]here was evidence presented to the [superior] court that called into question [the victim's] version of events.... Since there was information available to the [superior] court that [indicated that the victim's] version of events was inaccurate, the [superior] court erred in concluding that the information contained in the police report and the presentence report rose to the level of clear and convincing evidence....

*Moreover,* Mr. Dayton asks this court to [reverse] its earlier [holdings in *Evans v. State* and *Hamilton v. State* ] that a defendant is required to enter a testimonial denial of information [contained in the presentence report if the defendant wishes to bar the State from relying on this hearsay, and to require the State to present live testimony in support of disputed factual issues at sentencing].

(Emphasis added)

We have reviewed this portion of Dayton's opening brief in light of the statements made by Dayton's attorney in the current petition for rehearing. We are still convinced that, reading this passage objectively, it presents three arguments. Two of these arguments are attacks on the *legality* of the procedures used by Judge Olsen when he ruled on the State's proposed aggravating factors: first, that these procedures violated *Blakely* because the aggravating factors were not presented to a jury; and second, that these procedures were illegal because, as a matter of law, a judge can not determine the relative credibility of two competing versions of facts—or, at least, can not rule that one version is "clearly and convincingly" more credible than the other—without hearing live testimony from the witnesses.

(The third argument contained in this portion of Dayton's brief is the argument that we should overrule our decisions in *Evans v. State* and *Hamilton v. State*—re-interpreting a defendant's right of confrontation at sentencing proceedings so that the State would always be barred from relying on hearsay to prove disputed facts at sentencing, regardless of whether the defendant offers a testimony denial of those facts. We address that argument later in this order.)

In sum, although Dayton's attorney may not have intended to question the legality of Judge Olsen's reliance on the contents of the pre-sentence report in the absence of live testimony, that is the argument stated in her brief. The brief argues that Judge Olsen's fact-finding *procedure* was *illegal* (see the concluding words of the second paragraph of the above-quoted excerpt)—not just that the record provided insufficient factual support for the judge's conclusions.

To the extent that Dayton intended to argue that the record fails to support Judge Olsen's findings of fact, that those findings are clearly erroneous, we reject this argument. The judge's findings, and the judge's reasoning behind those findings, are quoted on page 9 of our slip opinion. When we evaluate Judge Olsen's findings in light of the contents of the pre-sentence report, we conclude that these findings are not clearly erroneous.

We will, however, assume the truth of Dayton's attorney's assertions concerning her intentions when she wrote the brief. For this reason, we retract the paragraph on page 22 of our slip opinion where we suggest that Dayton's attorney might not have honored her duty to deal fairly with the superior court and with opposing counsel.

■ We now turn to Dayton's third argument quoted above—the argument that we should overrule our decisions in *Evans v. State* and *Hamilton v. State* concerning a defendant's right of confrontation at sentencing. Dayton asserts, correctly, that we failed to specifically address this argument in our decision.

*Evans v. State*, 23 P.3d 650, 652 (Alaska App.2001), and *Hamilton v. State*, 771 P.2d 1358, 1362–63 (Alaska App.1989), hold that a judge who is making findings of fact at sentencing proceedings can rely on out-of-court statements described in the pre-sentence report for proof of the matters asserted, unless the defendant offers a testimonial denial of those statements and submits to cross-examination, in which case the State must support its assertions with live testimony. Dayton argues that *Evans* and *Hamilton* can no

longer be considered good law, at least when the sentencing judge is deciding disputed aggravating factors, now that the United States Supreme Court has clarified that it is the State's burden to prove aggravating factors beyond a reasonable doubt.

Dayton's argument—that *Evans* and *Hamilton* misallocate the burden of proof at sentencing—is premised on a misunderstanding of those two cases. *Evans* and *Hamilton* say nothing regarding the State's burden of proving aggravators. Instead, these two cases deal with the *manner* in which the State can satisfy its burden of proof.

The issue presented in *Evans* and *Hamilton* was whether, or in what circumstances, a criminal defendant can demand that the State support its factual allegations with live testimony, rather than relying on the hearsay contained in the pre-sentence report. We concluded that, although a defendant has a right of confrontation at sentencing, it is more circumscribed than the defendant's right of confrontation at trial. To trigger this sentencing right of confrontation, a defendant must take the stand, actively dispute the State's hearsay assertions, and submit to cross-examination on these issues. If the defendant does this, then the State will be obliged to support its assertions with live testimony.[4]

The *Evans* and *Hamilton* rule concerns the permissible and impermissible uses of hearsay at sentencing; the rule does not affect the State's burden of proving disputed aggravating factors (or any other disputed issues of fact on which the State bears the burden of proof). Thus, Dayton is simply wrong when he asserts (on page 25 of his opening brief) that, unless we overrule *Evans* and *Hamilton*, we will "impermissibly shift the burden to the defendant to disprove the facts upon which the aggravating factors [rest]."

■ Finally, Dayton asserts in his petition for rehearing that we failed to address one more of his arguments: the argument that, when Judge Olsen increased Dayton's sentence based on the aggravating factor that Dayton's conduct was among the worst in-

---

4. *Evans*, 23 P.3d at 652; *Hamilton*, 771 P.2d at 1362–63.

cluded in the definition of third-degree assault, the judge failed to consider relevant sentencing decisions.

Judge Olsen found aggravator (c)(10)—that Dayton's conduct was among the worst within the definition of third-degree assault—because, as a factual matter, Dayton had actually committed a more serious crime: the class B felony of second-degree sexual assault (sexual penetration of an incapacitated victim). Dayton argues that, because Judge Olsen found that Dayton had actually committed the class B felony of second-degree sexual assault, the judge was obliged to evaluate Dayton's conduct in comparison to the conduct that typifies second-degree sexual assault, and also to evaluate Dayton's potential sentence in light of the benchmark sentencing ranges that we established in *State v. Jackson*, 776 P.2d 320, 326–27 (Alaska App.1989), for first felony offenders convicted of class B felonies.

It is true that we failed to address this claim in our decision. The short answer to Dayton's claim is that Judge Olsen did *not* increase Dayton's sentence based on the "conduct among the most serious" aggravating factor. Rather, Judge Olsen imposed a sentence within the normal sentencing range allowed by former AS 12.55.125(k)(2) even in the absence of aggravators. Thus, Dayton's argument is probably moot.

The longer answer to Dayton's claim is that (1) Dayton's conduct appears to be typical for second-degree sexual assault of an incapacitated victim, and (2) Dayton's sentence of 4 years with 2 years suspended falls squarely in the middle of the *Jackson* benchmark range for a typical first felony offender convicted of a typical class B felony offense.

In other words, Dayton's sentence does not reflect the flaw that we noted in *Benboe v. State*,[5] where we ruled that a sentencing judge committed error by substantially increasing a defendant's sentence based on the fact that the defendant's conduct qualified as a higher degree of crime, without taking into account the fact that the defendant's conduct

would have been among the least serious forms of that higher degree of crime.[6]

To conclude: We reject all of Dayton's arguments in this petition for rehearing, with one exception: we retract the paragraph on page 22 of our slip opinion where we suggest that Dayton's attorney might not have honored her duty to deal fairly with the superior court and with opposing counsel.

To that limited extent, the petition for rehearing is **GRANTED**. Our original decision in this case, Opinion No. 2005, is WITHDRAWN and is SUPERSEDED by a revised decision, Opinion No. 2009, which will be issued on September 16, 2005.

In all other respects, the petition for rehearing is **DENIED**.

---

5. 698 P.2d 1230 (Alaska App.1985).

